1
2
3
4                          **UNITED STATES DISTRICT COURT**
5                               **DISTRICT OF NEVADA**
6
7    KBW ASSOCIATES, INC.,                    )
                                              )
8                    Plaintiff,               )    Case No.  2:13-cv-01771-GMN-CWH
                                              )
9    vs.                                      )    **ORDER**
                                              )
10   JAYNES CORPORATION, INC., et al.,        )
                                              )
11                   Defendants.              )
     _____ )
12

13          This matter is before the Court on Plaintiff's Motion to Modify Scheduling Order (#16),

14   filed December 27, 2013.  Though styled as a motion to modify, Plaintiff is seeking reconsideration

15   of the Scheduling Order (#15) entered on December 26, 2013.

16          The Court has the inherent power to revise, correct, and alter interlocutory orders at any

17   time prior to entry of a final judgment.  *See Sch. Dist. No. 5 v. Lundgren*, 259 F.2d 101, 105 (9th

18   Cir. 1958); *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 571-72 (7th Cir. 2006).  Courts

19   will generally not reexamine an issue previously decided by the same or higher court in the same

20   case.  *Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc.*, 275 F.3d 762, 766 (9th Cir. 2001);

21   *United States v. Cuddy*, 147 F.3d 1111, 1114 (9th Cir. 1998).  However, a court has discretion to

22   depart from the prior order when (1) the first decision was clearly erroneous, (2) there has been an

23   intervening change of law, (3) the evidence on remand is substantially different, (4) other changed

24   circumstances exist, or (5) a manifest injustice would otherwise result.  *Cuddy*, 147 F.3d at 1114.

25   The Ninth Circuit has recognized three circumstances where reconsideration is appropriate:  (1) the

26   court is presented with newly discovered evidence, (2) the court has committed clear error or the

27   initial decision was manifestly unjust, or (3) there has been an intervening change in controlling

28   law." *Nunes v. Ashcroft,* 375 F.3d 805, 807–08 (9th Cir.2004) (quoting *Sch. Dist. No. 1J v.

     *ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir.1993)).

1    The undersigned has reviewed Plaintiff's motion and finds the Scheduling Order (#15) was

2    entered in error.  The proposed discovery plan (#14) filed by Defendant was filed in contravention

3    of the requirements set forth in Local Rule 26-1.  The rule requires that the parties submit a

4    stipulated discovery plan within fourteen (14) days after the Rule 26(f) conference.  The proposed

5    plan was not submitted as a stipulation.  To the extent the parties disagree as to the form or contents

6    of the discovery plan, the rule requires each party to set forth its position on each point in dispute.

7    Moreover, the Court finds that failure to reconsider the Scheduling Order (#15) would result in a

8    manifest injustice as it contains a clawback provision to which Plaintiff has not acceded.

9    Accordingly,

10    **IT IS HEREBY ORDERED** that Plaintiff's Motion to Modify Scheduling Order (#16) is

11    **granted in part and denied in part**.

12    **IT IS FURTHER ORDERED** that the Scheduling Order (#15) shall be **vacated and**

13    **stricken**.

14    **IT IS FURTHER ORDERED** that the parties shall submit a stipulated discovery plan and

15    scheduling order not later than **Friday, January 10, 2014**.  Failure to do so may result in an order

16    to show cause why counsel should be sanctioned pursuant to Local Rule Part IA 4-1.

17    DATED: January 2, 2014.

18

19

20    **C.W. Hoffman, Jr.**
      **United States Magistrate Judge**

21

22

23

24

25

26

27

28