Leon F. Mead II, Esq.
Nevada Bar No. 5719
Robin E. Perkins, Esq.
Nevada Bar No. 9891
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169
Telephone: (702) 784-5200
Facsimile: (702) 784-5252
lmead@swlaw.com
rperkins@swlaw.com
*Attorneys for Jaynes Corporation, Inc. and Continental Casualty Company*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KBW ASSOCIATES, INC., a North Dakota corporation,<br><br>      Plaintiff,<br>vs.<br><br>JAYNES CORPORATION, INC., a New Mexico corporation, CONTINENTAL CASUALTY COMPANY, a foreign surety transacting business in the State of Nevada and DOES I THROUGH X, inclusive,<br><br>      Defendants. | CASE NO. 2:13-cv-01771-GMN-CWH<br><br>***PROPOSED* PROTECTIVE ORDER RE DISCLOSURE OF CONFIDENTIAL INFORMATION**<br><br>**AND**<br><br>**PROCEDURE TO REQUEST SEAL**<br><br>**AND**<br><br>**ORDER ENTERING CLAW BACK AGREEMENT** |
| JAYNES CORPORATION, INC., a New Mexico corporation,<br><br>      Counterclaimant,<br>vs.<br><br>KBW ASSOCIATES, INC., a North Dakota corporation,<br><br>      Counterdefendant. | |

18690101.2

| | |
|---|---|
| 1 | JAYNES CORPORATION, INC., a New Mexico corporation, |
| 2 | |
| 3 | Third-Party Plaintiff, vs. |
| 4 | INTERNATIONAL FIDELITY INSURANCE COMPANY, a surety, |
| 5 | |
| 6 | Third-Party Defendant. |

Defendant/Counterclaimant/Third-Party Plaintiff, Jaynes Corporation, Inc. ("Jaynes") and Defendant Continental Casualty Company ("Continental"), by and through their counsel, Snell & Wilmer, L.L.P., and Plaintiff/Counterdefendant KBW Associates, Inc. ("KBW") and Third-Party Defendant International Fidelity Insurance Company ("IFIC"), by and through their counsel, Wilson, Elser, Moskowitz, Edelman & Dicker, LLP (collectively the "Parties") will be required under Federal Rules of Civil Procedure, or pursuant to written discovery requests, to produce documents and/or information that contain proprietary, sensitive, and confidential national security information.  Dissemination of this information to the public poses a national security threat to U.S. military operations and national security.

Indeed, the U.S. Army Corps of Engineers regulations expressly prohibits disclosure of documents in this matter without obtaining written approval from the U.S. Army Corps of Engineers.  (Defense Federal Acquisition Regulation Supplement ("FARS") § 252.204-7000, included in the Request for Proposal.)  Additionally, the Subcontract Agreement between Jaynes and KBW states that "[t]o the extent the Prime Contract provides for the confidentiality of any of the Owner's proprietary or otherwise confidential information disclosed in connection with the performance of this Agreement, the Subcontractor is equally bound by the Owner's confidentiality requirements." (Subcontract Agreement § 3.29.)

Prohibiting all parties from disclosing confidential documents and information produced in this litigation to any individual or entity outside of this litigation, or from otherwise using documents produced outside of this litigation is necessary and appropriate in this matter, to preserve the confidentiality of military documents and information, and minimize any threat to

18690101.2

1  national security. *See* Fed. R. Civ. P. 26(c); *Phillips v. General Motors Corp.*, 307 F.3d 1206 (9th
2  Cir. 2002).  Indeed, "[t]he unique character of the discovery process requires that the trial court
3  have substantial latitude to fashion protective orders." *Phillips v. General Motors Corp.*, 307
4  F.3d 1206, 1212 (9th Cir. 2002) (citing *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).)

5      The Court finds that there is good cause to enter this protective order, as the threat to
6  national security represents a specific harm that could result if the information is not protected.
7  *Phillips v. General Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002).  Moreover the
8  balancing of protecting both public and private interests weighs in favor of this Order. *Phillips v.*
9  *General Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002).

10      Additionally, the Court finds that the Parties motion to seal should be considered upon an
11  *in camera* review of the confidential information on a case-by-case basis.  Finally, there is good
12  cause to require the Parties to abide by the terms set forth in their proposed claw back agreement.
13  Federal Rule of Evidence 502(d) and (e); *Great-West Life & Annuity Ins. Co. v. Am. Econ. Ins.*
14  *Co.*, 2:11-CV-02082-APG, 2013 WL 5332410, at *4 (D. Nev. Sept. 23, 2013)

15      Accordingly, after consideration of the Motion, and for good cause appearing therefore,
16  the Motion is **GRANTED IN PART AND DENIED IN PART**.

17      **IT IS HEREBY ORDERED** that the following terms and procedures shall govern the
18  production and non-disclosure of Confidential Information, as defined herein, for the above-
19  captioned litigation:

20      1.    **Protective Order**.  Any discovery response, information, document or thing
21  produced, and/or all deposition testimony given in connection with this litigation that contains
22  sensitive information may be designated as Confidential Information.

23      2.    Confidential Information entitled to confidential treatment will include all
24  documents and information the Parties deem confidential including: (a) all project paper, tapes,
25  documents, designs, drawings, plans, email correspondence, other correspondence, disks,
26  diskettes, emails and other electronic data, and other tangible things produced by or obtained
27  from any person in connection with this litigation; (b) Rule 26 disclosures, answers to document
28  requests, interrogatories, and requests for admission; (c) transcripts of depositions, in whole or in

- 3 -

18690101.2

part, and exhibits thereto; and (d) all copies, extracts, and complete or partial summaries or charts or notes prepared or derived from such papers, documents or things. The handling of such information shall be made in accordance with the terms of this Order.

3. A discovery response, information, document or thing produced, and/or all deposition testimony may be designated as Confidential Information by one of the following methods:

a. In the case of documents or other materials (apart from depositions or other pretrial testimony): by affixing the legend "Confidential" to each page containing any Confidential Information, except that in the case of multi-page documents bound together by staple or other permanent binding, the word(s) "Confidential" need only be stamped on the first page of the document in order for the entire document to be treated as Confidential; and,

b. In the case of depositions, including exhibits thereto, or other pretrial testimony: (i) by a statement on the record, by any counsel or the deponent, at the time of such disclosure; or (ii) by written notice from any Party's counsel or the deponent or his/her counsel, within ten business days after receiving a copy of the transcript thereof, designating all or some of the transcript and/or documents referred to therein as Confidential. Such written notice must be sent to counsel for all Parties, the deponent and counsel for the deponent. Only those portions of the transcripts so designated as "Confidential" must be treated as Confidential. The Parties may modify this procedure for any particular deposition, by a writing signed by counsel for all Parties and by the deponent or counsel for the deponent, without further order from the Court.

4. The designation "Confidential" shall apply to materials and information that may be disclosed to the Parties and others identified in this Order for the purposes of the litigation, but which is intended to be protected against disclosure to third parties. Absent a specific order by the Court to the contrary, all documents and information disclosed shall be used by the Parties solely in connection with this litigation, and not for any business, competitive, other litigation or governmental purpose or function, and such information shall not be disclosed to anyone except as expressly provided herein.

18690101.2

5. Any Party may, at any time, request or contest in writing that any Confidential Information be released from the requirements of this Order. A Party who makes such a contention shall be referred to in this Order as the "Requesting Party". Upon written contention, the Party claiming that information is "Confidential" shall meet and confer with the Requesting Party within ten (10) days of receipt of a written request therefor. If an agreement cannot be reached by negotiation, and the Court has not provided for a different procedure to handle such disputes, then the Requesting Party may make an application for a ruling from the Court on the continued application of the "Confidential" designation of such information or document. The Requesting Party shall submit the contested Confidential Information to the Court for in camera inspection, and the terms of this Stipulation and Protective Order shall continue to apply to such Confidential Information until the Court rules on the application.

6. Confidential Information and information derived from Confidential Information, including without limitation any testimony about an exhibit designated as Confidential, shall not be disclosed except as set forth herein. All Confidential Information produced and information related thereto disclosed by any Party shall be used solely for this litigation and may not be used for any other purpose.

7. Confidential Information may only be disclosed to the following persons:

   a. any Party and counsel of record for any Party to this action;

   b. paralegal, stenographic, clerical and secretarial personnel currently employed by a Party to the case, (including but not limited to photocopy service personnel and document management vendors, such as coders and data-entry personnel, retained by outside counsel);

   c. stenographic, video or audio court reporters engaged to record depositions in this litigation, and certified interpreters and/or translators for those depositions, if any;

   d. non-party expert(s) or consultant(s) and their secretarial, technical and clerical employees (including but not limited to photocopy service personnel and document management vendors, such as coders and data-entry personnel, retained by outside counsel) who actively assist in the preparation of this action;

18690101.2

    e. any person identified on the face of any such Confidential Information as an author or recipient thereof;

    f. any person who is determined to have been an author and/or previous recipient of the Confidential Information, but who is not identified on the face thereof, provided there is prior testimony of actual authorship or receipt of the Confidential Information by such person prior to such person being shown any Confidential Information;

    g. any non-party engaged by the Parties or appointed by the Court for purposes of acting as a Discovery Referee, Special Master, and/or neutral arbitrator or mediator in any alternative dispute resolution procedures in which the Parties may participate; and

    h. any other person by written agreement among all Parties' counsel, or by order of the Court;

  8. Each individual identified in paragraphs 7 (a) - (h) above to whom Confidential Information is furnished, shown, or disclosed shall, prior to the time he or she receives access to such materials, be provided by counsel furnishing him or her such material a copy of this Order. Counsel disclosing Confidential Information shall advise said persons of the provisions of this Order and secure adequate assurance of confidentiality and agreement from that person or entity: (1) to be bound by the terms hereof, (2) to maintain the received Confidential Materials in confidence, and (3) not to disclose the received Confidential Materials to anyone other than in accordance with the terms of this Order.

  9. The foregoing is without prejudice to the right of any Party to this Order to:

    a. seek to modify or obtain relief from any aspect of this Order; or

    b. object to the use, relevance, or admissibility at trial or otherwise of any material, whether or not designated in whole or in part as Confidential Information governed by this Protective Order.

  10. Nothing in this Order shall prohibit a Party from using Confidential Materials for deposition preparation, use during a deposition, or from marking any Confidential Materials as an exhibit to a deposition and examining the deponent thereon.  Likewise, nothing in this Order shall prohibit a Party from using Confidential Materials for examination of a witness at trial, or from

- 6 -

18690101.2

1  marking any Confidential Materials as an exhibit during trial and examining a trial witness
2  thereon.

3        11.    If Confidential Information is disclosed at a deposition, only the stenographic,
4  video or audio reporter and those persons who are authorized by the terms of this Order to receive
5  such material may be present.  The portions of the transcripts of all testimony designated as
6  Confidential Information shall be labeled with the appropriate designation by the reporter.  If any
7  document or information designated as Confidential Information pursuant to this Order is used
8  during the course of a deposition, that portion of the deposition record reflecting such material
9  shall be labeled with the appropriate "Confidential" designation.

10        12.    **Request to Seal.**  Any filing made with the Clerk of the Court, as such filing may
11  be required or permitted by the local rules of this Court, which contains or has attached to it
12  Confidential Information, shall be submitted to this Court for an *in camera* review and a case-by-
13  case determination as to whether the Confidential Information submitted shall be sealed.  For
14  good cause shown, the Court may order that such f Confidential Information shall be sealed.

15        13.    In the event of a hearing or trial in this matter at which any Party intends to present
16  information or materials designated hereunder as Confidential, counsel for the Parties will meet
17  and confer to determine what safeguards are necessary to protect against the disclosure of the
18  designated information or materials, and shall attempt to determine the least intrusive and
19  burdensome means of protecting such materials during the proceeding.  Counsel for the Parties
20  shall confer on appropriate procedures for protecting the confidentiality of any documents,
21  information and transcripts used in the course of any court proceedings, and shall incorporate
22  such procedures into the pre-trial order.  For trial, the Party seeking to use information designated
23  Confidential without redacting the Confidential portion of the information, shall, via written
24  motion in limine filed and served pursuant to the Court's trial scheduling order, submit all such
25  information (document, transcript, interrogatory answer, etc.) to the trial judge under seal for in
26  camera review, and a decision on whether such information can be used at trial, and if so, what
27  limitations, if any, shall apply.

28

18690101.2

14. This Order shall survive the termination of this action and shall continue in full force and effect thereafter. Within thirty (30) calendar days after the termination of this action and the expiration of any and all rights of appeal or further appeal or the expiration of time to seek leave to appeal, all persons or entities that have received Confidential Materials shall return all such Confidential Materials to counsel for the designated Party. As an alternative to returning all or part of such Confidential Materials, persons or entities may certify in writing for the producing Party that they have destroyed all unreturned Confidential Materials. Where a Party has provided Confidential Materials to a retained expert or consultant or any other person or entity, it shall be the responsibility of that Party to obtain the return or destruction of the Confidential Materials from such expert or consultant. This paragraph does not apply to the copies of Confidential Materials that have been submitted to and are in the possession of the Court. This Order shall not preclude the use or disclosure of any Confidential Materials during the trial of this action, subject to the right of any Party to seek an Order governing use of the Confidential Materials at trial.

15. Within fifteen (15) days of the close of this action, whether by judgment, order, settlement or other means, the Parties must return all information, and copies thereof, in their possession to the Party that served the Confidential Information.

16. If at any time any Confidential Information protected by this Order or information produced in this litigation is subpoenaed from the receiving party by any court, administrative or legislative body, or is requested, via formal discovery request or otherwise, by any other person or entity purporting to have authority to require the production of such information, the party to whom the subpoena or other request is directed shall, within three (3) business days of receipt, give the other party hereto notice of said request. The party receiving the discovery request or subpoena shall in the interim take all necessary steps to protect the potentially Confidential Information and all information so designated in this case as if it were its own confidential information. The party receiving notice of a pending discovery request, subpoena, or other inquiry, shall have three (3) business days to, in writing, advise the party from whom the discovery was requested of its intent to protect the confidentiality of the information sought, or of its decision to allow it to be disclosed. The party objecting to the disclosure of the Confidential

18690101.2

1  Information shall take all steps it deems necessary at its own expense, including incurring and
2  paying its own attorney's fees.  It is acknowledged and agreed that any violation or threatened
3  violation of this provision by any Party will cause immediate and irreparable harm entitling the
4  other party to obtain injunctive relief, including a temporary restraining order without notice
5  pending a hearing on an application for preliminary injunction in addition to all other legal
6  remedies available.

7  17.  **Claw Back Agreement**.  The parties agree that in the event that any Party (the
8  "Discloser") produces material or documents without intending to waive a claim of privilege or
9  confidentiality, the Discloser does not waive any claim of privilege or confidentiality if, within a
10 reasonable amount of time after the Discloser actually discovers that such material or documents
11 were produced, the Discloser notifies all other Parties (the "Recipient(s)") of the inadvertent
12 disclosure of privileged or confidential items, identifying the material or documents produced and
13 stating the privilege or confidentiality provision asserted.  Mere failure to diligently screen
14 documents before producing them does not waive a claim of privilege or confidentiality.

15 If the Discloser asserts that it inadvertently produced privileged or confidential items in
16 accordance with this Claw Back Agreement, the Recipient(s) must return the specified material or
17 documents and any copies within ten days of the notification. The Recipient(s) must further
18 permanently destroy any electronic copies of such specified material or documents and affirm in
19 writing to counsel for the Discloser of such destruction.

20 In the event that the Recipient(s) contends the documents are not subject to privilege or
21 confidentiality as asserted by the Discloser in accordance with this Claw Back Agreement, the
22 Recipient(s) may, following the return and destruction described above, challenge the privilege
23 claim through a Motion to Compel or other pleading with the District Court in which the
24 Litigation is currently pending.  The Parties agree that any review of items by the judge shall be
25 an *in camera* review.

26 Should the Recipient(s) not challenge the Discloser's claim of privilege or confidentiality,
27 or should the presiding judge determine that the documents are in fact subject to privilege or
28

- 9 -

18690101.2

confidentiality, the documents, or information contained therein or derived therefrom, may not be used in the Litigation or against the Discloser in any future litigation or arbitration brought by the Recipient(s). Nothing contained within this Claw Back Agreement shall be deemed to waive any objection that any Party may wish to assert under applicable state or federal law.

18. The terms of this Order shall be effective and enforceable as between the Parties immediately upon its execution by counsel for such parties.

19. All persons subject to the terms of this Order agree that this Court shall retain jurisdiction over them for the purpose of enforcing this Order.

20. This Order may only be amended or modified by written agreement of the parties hereto and approved by this Court, or by order of this Court.

**IT IS SO ORDERED.**

Dated: March 6, 2014

_____
C.W. Hoffman, Jr.
United States Magistrate Judge

Respectfully submitted,

SNELL & WILMER L.L.P.

By: */s/ Robin E. Perkins*
    Leon F. Mead II, Esq.
    Nevada Bar No. 5719
    Robin E. Perkins, Esq.
    Nevada Bar No. 9891
    3883 Howard Hughes Parkway
    Suite 1100
    Las Vegas, NV 89169
    Telephone: (702) 784-5200
    Facsimile: (702) 784-5252
    lmead@swlaw.com
    rperkins@swlaw.com

    *Attorneys for Jaynes Corporation, Inc.*
    *and Continental Casualty Company*

- 10 -

18690101.2